IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STACY TAYLOR**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO.:** 3:19cv449DPJ-FKB

**PECO FOODS, INC.**  **DEFENDANT**

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Stacy Taylor, by and through counsel, Watson & Norris, PLLC, and files this action against her former employer, Peco Foods, Inc. As more specifically set forth below, Plaintiff was subjected to sex discrimination, sexual harassment, and retaliation in the terms and conditions of her employment with Defendant. The actions of the Defendant are in violation of the Title VII of the Civil Rights Act of 1964, as amended. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Stacy Taylor, is an adult female who resides in Noxubee County, Mississippi.

2. Defendant, Peco Foods, Inc., is a foreign corporation doing business in the State of Mississippi and may be served through its Registered Agent: C T Corporation System, 631 Lakeland Drive, East, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC for Sex Discrimination and Retaliation on August 9, 2018, a true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A." On March 29, 2019, the EEOC issued a Notice of Right to Sue, a true and correct copy is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

6. Plaintiff was hired by Defendant in August 2015, as a Laborer.

7. On several occasions, Plaintiff was subjected to unwanted sexual advances by her co-worker, Rico Dent.

8. On July 10, 2018, Plaintiff was walking to her work area when Mr. Dent came up behind Plaintiff, got close to her buttocks, and said, "I see you do not have any panties on."

9. Mr. Dent appeared to be high on some kind of drug.

10. Plaintiff pushed Mr. Dent away from her and told him not to ever do that again.

11. However, Mr. Dent just continued to walk close behind Plaintiff saying nasty things.

12. At that point, Plaintiff and Mr. Dent had a verbal altercation, which was witnessed by Tosha Scales.

13. Ms. Scales stepped in between Plaintiff and Mr. Dent and told Mr. Dent to leave.

14. After that, Plaintiff informed Ms. Scales and Management what had taken place and how Mr. Dent continued to sexually harass her.

15. At the time of the altercation, Plaintiff had a pair of scissors in her hand, which is part of Plaintiff everyday uniform and Plaintiff uses scissors as an essential work tool.

16. Because of Plaintiff having the scissors in her hand, which are used by Plaintiff on a daily basis at work, management erroneously alleged that Plaintiff was going to assault Mr. Dent.

17. Based on management's erroneous assumption, Plaintiff was told by management to go home for the rest of the day and return to work the next day.

18. The next day, July 18, 2018, Plaintiff returned to work to learn that she had been terminated due to the altercation.

19. Mr. Dent, a similarly situated male, received no discipline or termination due to the altercation.

20. After Plaintiff complained to management about the sexual harassment, Plaintiff was retaliated against and terminated. Defendant told Plaintiff that she was in the wrong and Mr. Dent had done nothing wrong.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII - SEX DISCRIMINATION

21. Plaintiff incorporates paragraphs 1 through 20 above as though fully incorporated herein.

22. Plaintiff has been discriminated against in the terms and conditions of her employment based of her gender, female.

23. Plaintiff has suffered an adverse employment action, termination, as a result of the Defendant's discriminatory treatment of Plaintiff.

24.  Plaintiff has been harmed as a result of this discrimination, and the Defendant is liable to Plaintiff for the same.

25.  The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to the recovery recovery of damages, both compensatory and punitive in nature.

### COUNT TWO: VIOLATION OF TITLE VII - SEXUAL HARASSMENT

26.  Plaintiff incorporates the above paragraphs 1 through 26 as though specifically set forth herein and alleges as follows:

27.  The repeated and continuous sexual advances from Rico Dent created and subjected Plaintiff to sex-based harassment and a hostile work environment in violation of Title VII, because:

   a. Plaintiff is a member of a protected class;
   b. Plaintiff was subjected to harassment based on her sex, female; and
   c. Plaintiff was subjected to a hostile work environment created by the Defendant's failure to address and stop the harassment by Rico Dent.

28.  Defendant had actual knowledge of the sexual harassment of Plaintiff.

29.  Plaintiff has been harmed as a result of this harassment, and the Defendant is liable to Plaintiff for the same.

30.  The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

### COUNT THREE: VIOLATIONS OF TITLE VII – RETALIATION

31.  Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 30 above as though specifically set forth herein.

32. Defendant has violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for making a complaint to the Defendant, regarding the sexual advances and sexual harassment from Mr. Dent.

33. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

34. As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney's fees;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS, the 26th day of June 2019.

Respectfully submitted,

STACY TAYLOR, PLAINTIFF

By: /s/ Louis H. Watson, Jr.

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@watsonnorris.com